IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

UNITED STATES OF AMERICA,

                                    Plaintiff,                        ORDER

    v.

                                                                     23-cr-12-wmc

MICHAEL WILSON,

                                  Defendant.
───────────────────────────────────────────────────────────────

At a December 8, 2023 telephonic hearing, the court granted in part defendant's request for a *Franks* hearing, which is scheduled for February 7, 2024. I found that Investigator Andrew Tolvstad was the only required witness, but that Detective Chad Leitzen might be added as a witness based on additional input provided by the parties. *See* December 8, 2024 text-only order, dkt. 32. On January 12, 2024, the government reported that it did not intend to call Leitzen as a witness and it proffered the testimony it expects to adduce from Tolvstad. *See* Dkt. 33. Wilson, by counsel, responded by claiming that Leitzen's testimony is relevant and necessary for the *Franks* hearing. *See* dkt. 34.Having reviewed the parties' submissions, I conclude that Leitzen is not a necessary witness for the *Franks* hearing.

As a starting point, and as I tried to make clear at the hearing, the court is *not* convinced that a *Franks* hearing actually is necessary, but I am holding one in the interests of efficiency and caution based the extraordinary number of Wilson's quarrels with the warrant affidavit. Wilson, by counsel, filed a 34-page motion to suppress, which includes a two-page, three-column, multi-colored chart in which he attacks from almost every angle almost every aspect of Inv. Tolvstad's search warrant affidavit. *See* dkt. 21. The government responded in opposition to holding a *Franks* hearing (dkt. 28), with Wilson conceding nothing in reply (dkt. 29).

Wilson's main point–what he calls "the overarching falsehood"– is his contention that Inv. Tolvstad intentionally misled the issuing court about a material fact when he characterized the investigative activity on July 21, 2022 as a "controlled buy." *See* dkt. 23 at 18; dkt. 34 at 2. But Wilson's contention is premised on what any reader–including the issuing court–could easily glean from Inv. Tolvstad's affidavit. Obviously, this was *not* a "controlled buy" as the term is customarily used. This is plain from the face of Tolvstad's affidavit. Therefore, it is not a basis for a *Franks* hearing. *United States v. Bacon*, 991 F.3ed 835, 841-42 (7th Cir. 2021). If this were Wilson's only contention, then I would have denied his request for a *Franks* hearing and gone straight to his probable cause challenge to the warrant.

But Wilson's "deep dive" (to use the government's term) into the 3500 pages of discovery provided by the government has led him to challenge the accuracy of virtually every statement Tolvstad made in his affidavit, claiming myriad misstatements and material omissions by both Tolvstad and Leitzen. For the most part, these challenges "amount to little more than throwing pebbles at a tank," *United States v. Swanson*, 210 F.3d 788, 790 (7th Cir. 2000). But Wilson has heaved so many pebbles that I have decided to hold a *Franks* hearing as a quicker, more efficient method of addressing Wilson's barrage of challenges to the warrant affidavit. I did this even though I am not convinced from this presentation that Wilson actually has met his burden of establishing that Tolvstad perjured himself, or that Tolvstad acted recklessly because he seriously doubted the truth of his allegations, or that Tolvstad had a subjective intent to deceive the state court. *See United States v. Woodfork*, 999 F.3d 511, 518 (7th Cir. 2021). I am holding a *Franks* hearing so that Wilson may question Tolvstad directly in order to make his record on his challenge to the warrant.

But only Tolvstad. The government's January 12, 2024 proffer letter convinces me that there is no need to obtain testimony from Det. Leitzen. I find no support–direct or inferential–for

2

Wilson's contention that Leitzen intentionally or recklessly misled Tolvstad or withheld information from him that was or could have been material to the state court's decision to issue the warrant. *See, e.g., United States v. Spears*, 673 F.3d 598, 607 (7th Cir. 2012)("It bears repeating that the first step of the *Franks* inquiry following a hearing focuses on [*the officers'*] state of mind.")  In any event, Tolvstad's proffer of how he viewed the materiality of the information that he received–and that he now is aware he did not receive–from Leitzen adequately establishes Tolvstad as the application's gatekeeper, which renders immaterial any additional testimony from Leitzen.

Finally, I am reminding both sides to be precise and focused in their questioning of Tolvstad. I will not set time limits at this juncture, but anything exceeding 60 minutes per side probably will require justification.  This isn't a civil discovery deposition, it is a *Franks* hearing aimed at adducing evidence relevant to the court's determination whether Wilson has established the three elements of a *Franks* violation.  *See United States v. Hueston*, __ F.4th ___, 2024 WL 133956 at *3 (7th Cir. Jan. 12, 2024).

Entered this 30th day of January, 2024.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

3